UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>ZEABORN SHIP MANAGEMENT (SINGAPORE) PTE. LTD., ALEXANDER PARRENO, AND CONSTANCIO ESTUYE,<br><br>  Defendants. | Case No. 3:23-cr-01661-JO<br><br>**JOINT MOTION TO WAIVE PRESENTENCE INVESTIGATION REPORTS AND SET AN EXPEDITED DATE FOR SENTENCING**<br><br>Hearing Date:   September 8, 2023<br>Hearing Date:   September 13, 2023<br>Hearing Time:   9:30 a.m.<br>Location:       Courtroom 4c |
|---|---|

   COME NOW, UNITED STATES OF AMERICA ("the Government"), and defendants, ZEABORN SHIP MANAGEMENT (SINGAPORE) PTE. LTD. ("Zeaborn"), ALEXANDER PARRENO ("Parreno") and CONSTANCIO ESTUYE ("Estuye"), (collectively "Defendants")[1], and jointly move this Honorable Court for an Order authorizing the waiver of the Presentence Investigation Report pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii), to expedite sentencing, and to advance the Sentencing Hearing date from December 1, 2023 to September 8, 2023 at 9:30 AM

---

[1] Although not parties to the criminal action, three (3) foreign witnesses who are in San Diego in connection with this matter also support the motion to set an expedited date for sentencing.

1

for Defendant Parreno and September 13, 2023 at 09:30 AM (or any time thereafter on September 13, 2023 as the Court may set) for Defendants Estuye and Zeaborn.[2] This motion is based on, *inter alia*, unique and compelling circumstances and facts warranting expedited sentencing and that the record contains sufficient information for the Court to exercise its sentencing authority without the need for further presentence investigation or report. In further support thereof, the parties respectfully show as follows:

## I. FACTUAL BACKGROUND

The M/V STAR MAIA arrived in San Diego, California on October 14, 2022. Zearborn Plea Agreement, p. 8. That same day, the U.S. Coast Guard conducted an inspection of the M/V STAR MAIA, which led to the charge that Defendants Zeaborn and Estuye had knowingly failed to maintain an accurate oil record book and that Defendants Zeaborn and Parreno had knowingly failed to maintain an accurate garbage record book, while in United States waters in violation of 33 U.S.C. § 1908(a) and 18 U.S.C. § 2. *See* DE 1. As part of the Government's investigation, ten (10) crewmembers (eight witnesses and Defendants Parreno and Estuye) disembarked the M/V STAR MAIA and have been ashore in San Diego, California pursuant to an Agreement on Security dated October 26, 2022. That Agreement requires that the crewmembers be lodged and paid their salaries, and per diem through sentencing.

At the end of July 2023,[3] the Government and each of the Defendants entered into plea agreements pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. *See* Plea Agreements. Under the respective pleas, Zeaborn agreed to plead guilty to Counts One and Two of the Information dated July 21, 2023 (DE 1), and

---

[2] Counsel for Defendant Parreno is unavailable on September 13, 2023, due to a trial in New York scheduled to commence on September 14, 2023.

[3] Captain Parreno always admitted his conduct, cooperated, and has been waiting for the Company's plea agreement. Chief Engineer Estuye similarly accepted responsibility and resolved his matter swiftly. Both individual defendants reached agreements in principle with the government in early March 2023.

Defendant Estuye agreed to plead guilty to Count One and Parreno agreed to plead guilty to Count Two, *to wit,* violations of 33 U.S.C. § 1908(a) for the failure to maintain an accurate record book while in U.S. waters, and/or pursuant to 18 U.S.C. §2 for aiding and abetting the violation. DE 1.  A robust four to five page factual basis is set out in detail in each of the Defendants' plea agreements. *See* Zeaborn Plea, pp. 4-8; Parreno Plea, pp. 3-6, and Estuye Plea, pp. 3-6.

On August 21, 2023, the Defendants each entered a plea of guilty to the respective Counts in the Information before Magistrate Judge Goddard (DE 2).  As part of the individual defendants' Rule 11(c)(1)(B) plea agreement, the Government and Defendant Parreno and Estuye have agreed to a recommended Sentencing Guideline calculation and for each Defendant to pay a special assessment of $100.00. *See* Parreno Plea, pp. 10-12, and Estuye Plea, pp. 10-12.  In Zeaborn's Rule 11(c)(1)(B) plea agreement, the Government and Zeaborn have jointly recommended (and Zeaborn has agreed) that Defendant Zeaborn pay a fine of $1,500,000, a community service payment of $500,000, plus a $400 special assessment per count, and serve a period of probation for four (4) years, during which time Zeaborn has agreed to implement and complete a comprehensive Environmental Compliance Plan. Zeaborn Plea, pp 11-13.  At present, sentencing is set for December 1, 2023 at 9:00 AM. DE 2.

## II. LEGAL STANDARD

The District Court has the discretion to waive the otherwise required presentence investigation reports under Fed. R. Crim. P. 32. *See United States v. Sanchez-Mendoza*, 34 F. App'x 378, 379 (9th Cir. 2002) (holding "the court has the authority to waive preparation of a presentence report"); *see also* U.S.S.G. § 6A1.1 ("Rule 32(c)(1)(A) permits the judge to dispense with a presentence report…when the court finds sufficient information in the record"). Specifically Rule 32 (c)(1)(A)(ii) provides in relevant part:

> (A) *In General.* The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence

>unless:
>. . .
>(ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record.

*Id*.

"Presentence reports, while often an important resource, are not a mandatory part of the sentencing process." *United States v. Brown*, 557 F.3d 297, 2009 U.S. App. LEXIS 5087, at * 1 (6th Cir. 2009). "[A] district court may dispense with a presentence report if it finds that such a report is unnecessary." *United States v. Cantu*, 786 F.2d 712, 712 n.1 (5th Cir. 1986), *cert. denied*, 479 U.S. 847 (1986) (holding that a presentence report was not required because the district court found that "it had all the necessary information at hand"); *see also Cassidy v. United States,* 428 F.2d 585, 588 (8th Cir. 1970) (holding the sentencing judge is not "obliged to consider a pre-sentence report" if the sentence imposed is "within the maximum allowed"); *United States v. Colmenares-Hernandez*, 659 F.2d 39, 42-43 (5th Cir. 1981), *cert. denied*, 454 U.S. 1127 (1981) (upholding the district court's decision not to order a presentence report because "there was sufficient information in the record for the court to meaningfully exercise the sentencing discretion" and there was no indication that the probation officer would likely provide additional information).

### III.  THE CASE INVOLVES SPECIAL AND COMPELLING CIRCUMSTANCES AND THE RECORD CONTAINS SUFFICIENT INFORMATION FOR THE COURT TO EXERCISE ITS SENTENCING AUTHORITY WITHOUT PRESENTENCE INVESTIGATION AND REPORTS

Respectfully, this case presents special and compelling circumstances supporting the waiver of the PSR, and the record contains sufficient information to permit the Court to meaningfully exercise its sentencing discretion as required by Fed. R. Crim P. Rule 32.

For the individual defendants, both Captain Parreno and Chief Engineer Estuye agreed to a detailed four-page factual basis supporting their respective pleas. *See* Parreno Plea, pp. 3-6, Estuye Plea, pp. 3-6. In addition, due to their lack of contacts with the United States, the probation department is unlikely to be able to provide independent information to the Court regarding either individual's background or history. In addition, each individual defendant has reached an agreed calculation pursuant to the Sentencing Guidelines with the Government, *to wit,* a calculation of "10." The government and all Defendants will submit sentencing memoranda in aid of the Court's consideration of the sentence on an expedited basis. Finally as both Captain Parreno and Chief Engineer Estuye are Filipino citizens who have remained at the government's request in San Diego since October 14, 2022, they are each motivated to resolve this matter as soon as possible. Additionally, each of the parties intends to file sentencing memoranda to further amplify the facts of this case and for the Court.

For the corporate defendant, Zeaborn, the Sentencing Guidelines explicitly state that the organizational guidelines do not apply to offenses involving the environment, such as the case at bar. USSG §8C2.1, Background. The plea agreement incorporates a detailed five-page factual basis, accepting criminal responsibility for the acts of agents and employees serving onboard the Vessel. Zeaborn Plea, pp. 4-6. It also includes a comprehensive Environmental Compliance Plan (ECP) (which will be implemented and completed during the period of probation) and includes a recommended fine above the statutory maximum consistent with the Alternative Fines Act. *Id.*, pp. 12-13. The recommended fine and community service payment are to be paid within fifteen (15) days of sentencing.

Perhaps most critically, there are three (3) other crewmember witnesses that remain in the United States who, along with the individual defendants, are foreign nationals who have been in San Diego since October 14, 2022 pursuant to the Agreement on Security. All parties have an interest in these crewmember witnesses

departing the jurisdiction and returning home as soon as possible, which cannot occur until this Honorable Court enters its Sentence and Judgment in this matter. All three (3) crewmembers have represented through their counsel that they join this application for sentencing to be advanced.

## IV. FURTHER GROUNDS FOR WAIVER OF THE PRESENTENCE INVESTIGATION REPORTS AND EXPEDITED SENTENCING

Finally, it is respectfully submitted that this Court agreed to advance sentencing from late November 2022 to September 9, 2022 in *United States v. New Trade Ship Management S.A., et al*, 3:22-cr-1802-JO, DE 14 (S.D. Cal. Aug. 15, 2022) (Order granting joint motion to waive presentence investigation reports and set an expedited date for sentencing). As the Court did in the *New Trade* case, it is respectfully submitted that this Court can (and should) exercise its inherent authority and advance the Sentencing Hearing in this matter. *Id*., *United States v. Ioan Luca*, 2:19-cr-00354-VAP (C.D. Cal. Sept. 9, 2019) (change of plea and sentencing of Chief Engineer completed in same proceeding by District Judge Phillips, no presentence report required by Court); *United States v. Gheorghe Amza, Mariuus Marinas, and Sandu Gheorghita*, 2:17-cr-760-SVW (C.D. Cal. Jan. 8, 2018) (plea hearing and sentencing hearing held for a Chief Engineer, Second Engineer, and Third Engineer on the same day before District Judge Wilson and no presentence report required); *United States v. Stanislavs Veikuts*, 2:18-cr-364 (W.D. La May 30, 2019) (change of plea on May 15, 2019 and sentencing on May 30, 2019 without presentence investigation report); *United States v. Vasileios Mazarakis*, 1:19-cr-00058 (D. Del. Nov. 8, 2019) (expedited sentencing hearing, no presentence investigation report required); *United States v. Cloyd Dimapilis*, 6:20-cr-00102 (MDFL July 27, 2020)(Order granting motion to expedite and waive presentence report and holding sentencing on same day as change of plea hearing).

Courts have also waived presentence report requirements in matters involving organizational defendants. *See United States v. Bernhard Schulte Shipmanagement*

*(Singapore) Pte Ltd.*, 1:20-cr-00004 (D. Haw. Feb. 10, 2020) (order granting motion to waive PSR and conduct sentencing of organizational defendant on same day as initial appearance and arraignment); *United States v. Interorient Marine Services Ltd.*, 18-cr-366 (D. WD La.) (no presentence report required for organizational defendant); *United States v. MST Mineralien Schiffahrt*, 16-cr-134 (D. Minn.) (order issued granting motion to waive presentence investigation report); *United States v. Misuga Kaiun Co. Ltd.*, 6:20-cr-00103-PGB (M.D.Fla. July 24, 2020) (granting motion to expedite, waive presentence report, and proceed to sentencing five (5) days later on July 29, 2020).

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court waive the requirement for a Presentence Investigation Report, expedite Sentencing in this matter, and move the Sentencing Hearing to September 8, 2023 at 9:30 AM for Defendant Parreno and September 13, 2023 at 9:30 AM (or any time thereafter on September 13, 2023 as the Court may set) for Defendants Estuye and Zeaborn. The parties will submit respective sentencing memoranda no later than ten (10) days prior to the Sentencing Hearing.

Dated: August 24, 2023          Respectfully submitted,

                                ANDREW HADEN
                                Acting United States Attorney

                                /s/Melanie K. Pierson
                                Assistant U.S. Attorney

                                /s/Stephen Da Ponte
                                Special Assistant U.S. Attorney

                                /s/ Joseph A. Walsh
                                Attorney for Defendant
                                Zeaborn Ship Management
                                (Singapore) Pte. Ltd.

1
2
3
4
5

/s/George M. Chalos
Attorney for Defendant
Alexander Parreno

/s/Michael Zweiback
Attorney for Defendant
Constancio Estuye